UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIFFANY FAGERSTROM,  )  | |
|     Plaintiff,  )  | |
| )  | |
| v.                              )  | Case No. CIV-20-510-P |
| )  | |
| ANDREW M. SAUL,   )  | |
| Commissioner of the     )  | |
| Social Security Administration, )  | |
|     Defendant.  )  | |

## **ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. Defendant answered the Complaint and filed the administrative record (hereinafter AR___), and the parties briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.    Administrative History and Agency Decision

Plaintiff filed applications for DIB and SSI benefits alleging a disability onset date of November 5, 2013. AR 219-20, 221-27. The Social Security Administration denied the applications initially and on reconsideration. AR 78, 79, 80-94, 95-109, 110, 112, 114-30, 115-47. An Administrative Law Judge ("ALJ") then held a hearing

on May 2, 2019, at which Plaintiff, a third-party witness for Plaintiff, and a vocational expert ("VE") testified. AR 49-77. The ALJ issued a decision denying benefits on June 26, 2019. AR 7-25.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 5, 2013, the alleged onset date. AR 12. At the second step, the ALJ found Plaintiff had severe impairments of obesity, depressive disorder, and lumbosacral radiculopathy status-post laminectomy and discectomy. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 13.

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work. AR 15. Relevant to this appeal, the ALJ found Plaintiff should not have any "interaction with the general public, but contact is okay." *Id.*

At step five, relying on the VE's testimony, the ALJ determined Plaintiff's RFC allowed her to perform jobs existing in significant numbers in the national economy, including hotel housekeeper, mail clerk, and merchandise marker. AR 25. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined

by the Social Security Act, from November 5, 2013 through the date of the decision. *Id.*

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     Issue Raised

On appeal, Plaintiff contends the ALJ's RFC limitation that she have "no interaction with the general public, but contact is okay" is internally inconsistent. Doc. No. 18 at 3-5.

III.    General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1153 (2019); *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S.Ct. at 1154 (quotations omitted). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other

evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1509, 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. *See* 20 C.F.R. §§ 404.1520(a)(4), (b)-(g), 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

IV.     Analysis

Plaintiff argues that a limitation indicating a claimant can have contact but no interaction with the public is an error *per se*, requiring reversal and remand. Doc. No. 18 at 3-5. However, she cites no legal authority supporting a bright line rule prohibiting a finding that a job can involve contact but no interaction with the public. *Id.* In the absence of legal authority, Plaintiff argues that common sense dictates one cannot have contact with the public without interacting with people. The Court's common sense dictates an opposing conclusion.

As an initial matter, Plaintiff states that the consultative examiners who reviewed Plaintiff's medical records and whose opinion the ALJ granted significant weight, did not indicate Plaintiff could have contact with the pbulic. Doc. No. 18 at 4. However, an ALJ's RFC is not limited to the verbatim findings of a physician, even one to whom he grants significant weight. Instead, this Court asks whether substantial evidnce in the record supports the ALJ's decision. *Biestek*, 139 S.Ct. at 1154.

A review of the State physicians' assessments as a whole reveals they provide substantial support to the ALJ's RFC. In the first section of the Mental RFC Assessment form ("MRFCA"), each physician found Plaintiff was markedly limited in her ability to interact appropriately with the general public, but not significantly limited in her ability to ask simple questions or request assistance, accept

5

instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and maintain socially appropriate behavior. AR 106, 144-45. In Section III of the MRFCA, they concluded Plaintiff can relate to supervisors and peers on a superficial work basis, cannot relate to the general public, but can adapt to some change in a work situation. AR 107, 145; *see, cf., Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015) (noting Section III of the MRFCA "describe[s] the effect that each of the Section I limitations would have on the claimant's ability"). Again, Plaintiff fails to cite any legal authority indicating that a Section III finding that a claimant cannot relate to the general public inherently means she cannot have contact with the public. This seems particularly noteworthy where, as here, the Section III findings indicate Plaintiff can relate to supervisors and peers on a superficial work basis. AR 107, 145. When read as a whole, these opinions support the ALJ's decision that Plaintiff could have contact but not interact with the general public. The Court finds no error in the ALJ's consideration of the State agency physicians' assessments.

Additionally, during the administrative hearing, the ALJ specifically included the subject limitation in his hypothetical to the VE. AR 73. Based on the same, the VE testified that a claimant with such a limitation, among others, could perform the jobs of hotel housekeeper, mail clerk, and merchandise marker. AR 73-74. Indeed, prior to adding other limitations that would ultimately be included in Plaintiff's RFC,

the VE testified that a claimant with such a limitation could also perform the work of small products assembler. AR 73. Thus, the VE clearly contemplated the subject limitation and did not find it inherently inconsistent when evaluating jobs in the Dictionary of Occupational Titles ("DOT")[1] that a claimant could perform.

Moreover, the DOT profiles for the jobs of housekeeper, merchandise marker, and mail clerk indicate the "people" aspect of these jobs is "not significant." *See* DOT 209.587-034 (marker), 1991 WL 671802; DOT, 209.687-026 (mail clerk), 1991 WL 671813; DOT, 323.687-014 (cleaner, housekeeping), 1991 WL 672783. Thus, the jobs the VE identified and the ALJ concluded Plaintiff could perform do not conflict with the RFC limiting her to contact but no interaction with the public.

V.   Conclusion

Based on the foregoing analysis, the decision of the Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this   15th   day of  April , 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

---

[1] The DOT is considered an authoritative publication that may be used to determine whether jobs are available that a particular claimant can perform. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2; SSR 96-9p, 1996 WL 374185, at *9.